UNITED STATES DISTRICT COURT

For the

Northern District of Illinois




September 28, 2012

R&D Films 1, LLC

Plaintiff

DEFENDANTS

1-52 John Does

TO QUASH SUBPOENA

I John Doe defendant, in the above styled cause, hereby pleads the following Motion to Quash Subpoena issued to Comcast Cable Communications, LLC. as set forth in the Memorandum in Support attached hereto.

Dated: September 28, 2012, 2011 Respectfully Submitted

Pro se

Case 12-cv-5810 Entered on FLSD Docket 08/31/2012 Page 1 MEMORANDUM SUPPORT

I. BACKG RO U N D

On September 13, 2012 I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiffs Motion for Early Discovery From accounts of previous defendants of legal group and other such practices, these subpoena notifications are followed by demands and letters. These letters -- which demand thousands of dollars to avoid dealing with their law suit -- and their phone calls, which are allegedly persistent, are the reason I am filing this motion, and for this reason, I respectfully request that 1 be allowed

to do so without revealing my personally identifying information.

To cut court costs while suing as many individuals as possible, Plaintiff s Counsel is using improper joinders in their mass lawsuits alleging copyright infringement through Bitrorrent. These lawsuits include thousands of defendants across the nation. Hughes, Socol, Piers, Resnick & Dym, Ltd. legal group and associates representing R&D Film 1, LLC.

Plaintiff's clear litigation strategy to gain large settlements based on advising the Defendants identity will be made public causing irreparable harm.

R&D Film 1 LLC has over 300 (Does) similar lawsuits in, Illinois.

In a Bitrrorrent case nearly identical to this one, CP Productions, Inc.. Does 1-300 case 1:2010cv06255, Northern District Court of Illinois court notes

Before dismissal'.

(I)If the 300 unnamed defendants have in fact infringed any copyrights (Something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was Separate and apart from the others. No predicate has been shown for Thus combining 300 separate actions on the cheap -- if Plaintiff had sued the 300 claimed Does separately for their discrete infringements, the Filling fees alone would have aggregated $105,000 rather than $350.

Case 1:11-CV-21567-KMM Document 17 Entered on FLSD Docket 09/09/2011 STATEMENT T O F

II STATEMENT OF FACTS

Defendant Doe hereinafter referred to as Doe") received a letter from Comcast Cable Communications, LLC. (Hereinafter referred to as Comcast') Indicating it had received a subpoena to divulge certain information regarding Doe. Doe contends that this subpoena is overbroad as it requests information that is Unnecessary for Plaintiff to effect service. Doe contends plaintiff has improperly Joined 52 individual defendants based on entirely disparate alleged acts. Doe

Contends that an IP address is not equitable to a person. Doe further contends this Causes an undue burden and breaches due process.

Doe can verify appropriate standing to petition this court, proven via Exhibit A which includes a copy of the letter from Comcast (personal info redacted) and a Copy of the subpoena. This should provide more than reasonable evidence that the Doe is a subscriber affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for some leeway with regards to Fed. R. Civ. P. 11 particularly those requiring the phone number and email.

III. LEGAL ARGUM EN T

1) Plaintiff Has Improperly Joined 52 Individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff s joinder of 52 defendants in this single action is improper.

BMG Music. Does 1-203, No. CIV.A. 04-650, 2004 W'fz 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common on to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) The right to relief must be asserted against them jointly, severally or in the alternative"; (2) the claim must arise) out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants.

Case 1:11-cv-21567-KMM Document 17 Entered on FLSD Docket 09/09/2011 the internet to commit copyright infringement has been rejected by courts across the country. In LaFace Records, LLC t7. Does 1-38, No. 5:07-CV-298-BR, 2008 W L 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants w here each defendant used the same ISP as well as some of the same peer-to-peer P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: committing the same type of violation in the same w ay does not link defendants together for purposes of joinder." LaFace Records, 2008 W L 544992, at *2. In BM G M music. Does 1-4, No. 3:06-cv-01579-M HP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also Interscope Records. Docs 1-25, No. 6:04-cv-197-Or1-22DAR, 2004 U.S. Dist. LEXIS 27782 (M .D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants in action where only connection between them was allegation they used same 1SP and P2P network to conduct copyright infringement); BM G Music t). Does 1-203, No. Civ.A. 04-650, 2004 W L 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, In re Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al. IJ. D ocs 7-47 (No. A-04-CA-550 LY), Atlantic Recording Corporation, et al. t. Does 1-151 (No. A-04-CA-636 SS), Elektra Entertainment Group, Inc. et al. t). Does 1-11 (No. A-04-CA-703 LY); and UM G Recordings, Inc., et al. r. Does 1-51 (No. A-04-CA-704 LY) (W .D.

Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but E

IV. Undue Burden

Pursuant to Fed. R. Civ.

modified if it subjects a person to undue

P. 45(c)(3)(A)(iv) a subpoena shall be quashed or

burden. Doe asserts being subject to an

undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any Files transferred at the times alleged.

Case 1:11-cv-21567-KMM Document 17 Entered on FLSD Docket 09/09/2011

V. Basic Fairness and Due Process

The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prim a facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands (D.E. #11) violates due process by allowing the identified Defendant to be subjected to the Plaintiff s direct discovery and/or interrogatories without being formally served the com plaint, the filling of responsive pleadings by the Defendants, or a Rule 26(9 conference between parties).

WHEREFORE, Defendant John Doe 1-52 respectfully prays the Court Grants Defendant's Motion to Quash Plaintiff s Subpoena to Comcast Cable Communications, LLC. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause.

Dated: September 28th, 2012

Respectfully submitted,

John Doe John Doe



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

September 13, 2012

***Personal and Confidential***

***Via UPS Delivery***

Re: *R&D Film 1, LLC v. John Does 1-52*
United States District Court for the Northern District of Illinois
Docket No.: 1:12-cv-05810
Order Entered: August 27, 2012
Comcast File

Dear

R&D Film 1, LLC has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing R&D Film 1, LLC's copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 24.13.192.45 on 6/8/2012 09:26:36 PM GMT. The court has ordered Comcast to supply your name, address and other information to R&D Film 1, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:12-cv-05810 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the Northern District of Illinois such as a motion to quash or vacate the Subpoena no later than October 13, 2012. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587** no later than October 13, 2012. **Please note that Comcast cannot accept or file any legal action on your behalf**. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff on the next business day after October 13, 2012.

If you have legal questions about this matter, please contact an attorney.

Sincerely yours,

Comcast Legal Response Center

Attachments: Copy of Subpoena and accompanying Court Order regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

R&D Film 1, LLC
*Plaintiff*
v.
Does 1-52
*Defendant*

Civil Action No. 12-cv-5810

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Holdings, LLC, c/o CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604-1101

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd.<br>70 West Madison Street, Suite 4000<br>Chicago, IL 60602 | Date and Time:<br>09/28/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: August 31, 2012

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR [signature]
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* R&D Film 1, LLC, who issues or requests this subpoena, are:

Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-2678

## CERTIFICATE OF SERVICE

Motion to Quash Subpoena Case 12-cv-5810

Sent via USPS September 28, 2012

1. United States District Court Northern Illinois
2. Comcast NE&TO
3. Hughes Socol Piers Resnick & Dym , Ltd.